Next case is the Estate of Beyer and for the appellant Mr. Morell and for the In the context of the contempt which we have raised in this appeal, I direct your attention to Jedrob and a comment that she had made as she was going to give a default judgment for the appellee in this instance and that's on page 3. She indicated that there hadn't been an answer filed to the claim. There was an answer filed to the claim and it was on page 25 of the typewritten transcript that was presented to you. It was something that ironically was brought to the attention of the judge by counsel for appellee and the judge concurred that we should have that and so what I had filed with a different identification was changed to answer and in that context there was an answer. So that's contrary to what we have here in the order that was entered by the judge. Counsel, I have a question for you. You said in relation to the contempt, why is this contempt? What are you basing that on? I'm basing that on what has been a progression from the time that we began this up until what you have before you now. There has been in my view and in your view I believe in reading this transcript that the judge in my opinion had gone out of her way each time there was a motion, whether it was our motion or counsel's motion, to Excuse me, counsel. So was this civil contempt or criminal contempt? Civil. And where in the court's order does there exist a finding of civil contempt? Well, as the court knows, normally the word contempt appears and there were several cases which I found and I hope I did cite them where it can be contempt but without the word contempt. There is one case that I found that was in a different section on a different proposition that was before the court and I believe it was a marital situation in which it was quite a disparage between the two positions and the court found in his view, I believe it was his, that this was in fact contempt but not having used the word it was contempt. But in this case there was a request for sanctions, correct? Yes. And that's what the court indicated, the trial court indicated that there were sanctions being imposed. Yes. And in my view contempt must proceed, at least it did in this instance, before the sanctions would occur. Now admittedly there are instances through the circuit courts where they have just found I'm going to hold you in contempt, that's my, well maybe not the statement, but I'm going to say that you have sanctions opposed to you and they do loosely use the term I'm holding you in contempt. In our view the situation was such that the circumstances that we were engaging in in presenting our view or in resisting that of the appellee were not of a nature to rise to the level of contempt and that the penalties, if I use that word, could be far less. We could have been, assuming that we were conducting activity that might have risen to contempt, we could have been admonished by the judges, I don't want any more of this. Now you're going to do this and if you do this again I'm going to hold you in contempt. And there's a whole broad range of what the judge had in the way of opportunities to sanction, I'll use that word, sanction me or my client for something they were doing or not doing to the judge's satisfaction. To leap to where the court did, in our view, was far beyond what should have happened because as you look through the transcripts of the two, I think it's room number four and room number five, there's nothing there that would jump up to you and say this is so terrible I'm going to hold you in contempt. There are things there but as you notice throughout the transcripts of the testimony of the judge, in my view she was well beyond what should have been pronouncements or findings for what was going on. There was a situation where we had filed a motion, pardon me, counsel had filed a motion to dismiss based upon pleadings or paragraphs of pleadings that we had filed. It was dismissed. Within that pleading was the section about 1.6 and that we had that benefit of 1.6 that shouldn't be dismissed. Well, given that, I filed another motion similar to that but raising those issues for cases that relate to 1.6 of professional responsibility. That in some respects is saying here judge I'm giving you a chance to look at this. You didn't look at this when you made your decision initially and this needs to have some look more deeply and additional cases were cited. It probably should have been a motion to reconsider and the fact that I didn't style it that is something I didn't do right. Again, the judge indicated that no, you don't fit into this and I'm going to dismiss your pleading. Well, with my exasperation and I guess hers, I came back fully with 1.6 and tried to show it isn't just in one's circumstances. It isn't just when it's an attorney-client relationship. There are other restrictions or cases that indicate that if it's not just attorney-client, the privileges, the confidentiality of that attorney is such that it doesn't fall into it. And my position on what was the judge's order indicating that this one case, Lamb v. Lamb, is the one that governed because it's attorney-client privilege and it's something you can't keep to yourself. It isn't secret. You have to disclose it. And the attorney who was for the estate was compelled to do that. She didn't mention in her order anything other than the fact that it was attorney-client. And because it's attorney-client, you had to have done it and you didn't do it. And they cited Lamb in that case and she repeated it's Lamb, Lamb, and Lamb and there's no way that you can get around it. Well, I cited and argued in that respect that there is an omission that you had in your order that did not address the other part of it. And due to my fumbling around here, I'm not doing a very good job of bringing it to your attention. But it did indicate that the judge in that order relied on it based on just attorney-client. And Rule 1.6 isn't just related to attorney-client. It's not. It goes to the fact that the attorney has every right to restrict not producing that information because it's confidential. It's confidential. Well, we were compelled to give it and it will be restricted and with some ire, the judge responded, no, no, no. Lamb does not address fiduciary. It addresses only attorney-client privilege. That's all. And as I raise these three motions I'm mentioning, particularly the third motion, I tried to say Lamb doesn't address what we're saying. There's a fiduciary relationship between the two. It's not attorney-client relationship. It's the fiduciary relationship between the two makes it confidential. In fact, in the cases that address with Lamb, particularly the one that Lamb cited, stands for that proposition. In that case that Lamb cited, it was at a state in which there were some disputes about who got what. There was raised in that case what I'm saying, that it's a fiduciary. It doesn't come within attorney-client privilege. And we don't have to do anything. Now, as it turns out, because of the relationship of the parties involved in this, the fiduciary did not do anything other than stand aside because of the relationship of the families or whatever, did not do anything. But the court recognized he had the fiduciary relationship and attorney-client did not block him or did not have a role in this to address it. And I don't know what more I can say. The one case is 464 Northeastern 2nd, 873, in which it indicates what I've just indicated to you about the difference of the two, attorney-client privilege and the one about fiduciary relationship. Another one that was cited, I don't think it was all 464. There is another case that was cited in 464 that picked up this proposition about fiduciary. And as a fiduciary, it doesn't fit into LAM. And the court and counsel are beating LAM to death when the order is relying on LAM, LAM, LAM. And I couldn't get the door open. It's not LAM, LAM, LAM under these circumstances because there are exceptions for fiduciary. So counsel, what is it that was produced that you believe shouldn't have been in the end? Well, it wasn't what was to be produced, ma'am. It was what the court was relying on to reach a decision. I was trying to say that the position that we had was something that we could pursue. Maybe it was that we wanted to not disclose. Right, that's what I mean. What was disclosed that you feel should not have been? Well, let me state it this way. Who was to know other than the trustee, including myself? The trustee had information from, let's call her the grantor, because it involved that trust that she established that provided for a trustee's deed to this trustee that the beneficiary of that trust did not want disclosed. It gets into, as you all know, when you get into these animosity and it just flows over, over everything. But that party who had been given this land by the decedent, now decedent, was something the trustee at the direction of the beneficiary didn't want to disclose. Well, didn't have to disclose, and that in and of itself is a breach by the trustee to Rule 1.6, Professional Rule 1.6. And we filed a motion on behalf of the trustee, and in part, I guess, for the beneficiary of the trust, that no, you can't have this. It's not lamb. It's a different, it's a fiduciary relationship. And because of that, you just don't get it. Well, in a rather brazen manner, we were told, you are going to give it to us. And the attorney trustee with fecal matter running down his leg felt, uh-oh, I'm going to be held in contempt. So he did, in fact, give that. But again, it shouldn't have been under lamb. And I think the fact that lamb was limited to the attorney-client privilege and not to the exception, which is, as I indicated, the relationship and the fact that it's just not there. Insofar as, again, I could spend all of my money, money, all of my time, and that would equal money, that this judge had us under contempt beginning almost at the onset. When we had made, filed a motion, and it goes back to what I said earlier about similar back, similar case and so on. She, in that case, didn't use the word contempt, but in fact it was because we then had to not only turn over things, but we had to pay money then. And that, in our view, was coming back to what we have here at the end. It had to be contempt. And the contempt led to fine, the sanction, having to pay. It's an interesting thing, and this is on page three of our brief. We had a motion for substitution of judge. And in looking at what you had before you, if you didn't think some lawyer was going to file substitution of judge, you're going to have to walk them into some institution. The thing is, we filed a motion for substitution of judge, and this one's going to get your attention. She took it physically from me. I'm not going to deal with this. So I figured another day and time, we're going to go over this. No, it was denied. It was denied without the opportunity to say something, and for her to rule. She denied it, and in her order, based on that, she said, I'm denying this. On page three I'm telling you, here it is, after hearing arguments, and there were no arguments on the motion for substitution of judge. The motion for substitution of judge is denied. Denied. It wasn't argued. Sua sponte, that's it. That's probably the first or second time I've had something like that, where I wasn't able to come in, no matter how woefully poor my argument would have been, to at least say this isn't something you should do. Please, let me argue this. I didn't get to argue why it shouldn't be denied. And the thing that, you'll see in the order, it was premature. Premature. Whatever that is, why not just deny it? It was premature, and on that same day, she let opposing counsel set his motion for sanctions. Not premature. These are the types of things we had to deal with, and it's got to be, isn't it contemptuous, I don't know how it could be anything else. We came down to some of the other things where she just kept saying no, no, no to us, instead of let me hear your argument. If it's woefully poor, I'm going to deny it. And throughout the two volumes, I think they're four and five, of the transcripts, you will see how woefully I was to be sitting back there and thinking, how am I going to protect or represent my client when we don't get to do anything? I put them in the brief, as you saw them, but I put them before her, before anything could happen. And if you talk about exasperation and attempts to do anything, and my time is up here, my motion for substitution of judge was to bring it back to a level playing field. And when you have read that, how about, and I will quit here, how about the fact that that substitution motion was filed, and she said, we're not going to use it. We're not going to let you have some third party, some other judge come in and determine whether, in fact, I should be relieved and you or somebody else should have it. We didn't get to argue that. She said no. No. And she said she's not going to let us argument because, and we filed a verification. A verification isn't good enough. It has to be an affidavit. Well, I went into some of the dictionaries and some of the other places to find, wait a minute, an affidavit and a verification aren't different. They relatively aren't different. And in 1-109, which we know deals with the situations about how we can file now to assert that this is the way it is, in 1-109 it lists affidavits as being able to be signed at the end of a pleading. It lists them. We didn't even get a chance to present it. Thank you. We'll have additional time on rebuttal.  Mr. Armstrong. May it please the court and counsel. I think there's a fundamental misunderstanding of some of the factual occurrences here or what occurred at the trial court level. And I would appreciate, I'm going to spend a few moments here at the beginning and kind of explain what my understanding of the facts is here today and what I think the record accurately reflects. First, we had a discovery citation. I had an opportunity to ask the executor questions. I then filed a recovery citation, which under the Supreme Court rules allows formal discovery to occur as in any other civil case. I filed a motion, pardon me, a subpoena of the attorney's file. I received a motion to quash. I sent the case, which I was going to rely on as an exception to the attorney-client privilege, to opposing counsel and I said that if you could review this and maybe you'll change your position, if not I'll file a response to your motion to quash. The judge ruled, or was going to rule, in my opinion, in my favor. Mr. Morell has time to submit additional case law. He said he'd have it there by the end of the day. A week and a half goes by, the judge makes a ruling in my favor. The very next day after the judge's ruling, a motion to reconsider is on file. That is denied on the same grounds. A third motion to quash and then a supplement to that motion. So he essentially had four pleadings and another bite at the apple, so to speak, to submit additional case law. He filed five pleadings. We were set for a hearing. We were at a hearing on November 15th and the judge said he needs to comply within 28 days. We'll hear the motion to compel, the sanctions motion, which I had pending for the repetitive pleadings. I then supplemented that motion because when the court order was finally, when they were finally done filing their motions to quash, there was nothing that was given to me which was privileged. This should not have ever been asserted. Mr. Morell had a duty to go to Mr. O'Connor and ask him, you know, we're going to raise the privilege issue. Is there anything in the file that's privileged? Is there any work product in that file? I wasn't given anything that I did not already have. The judge on December 31st said, this is needless pleading. You raised an issue four or five times before my court for no reason. Mr. Morell wants to get into the merits of the judge's ruling. I don't think that's proper at this level. I don't think the court has jurisdiction over what is a sanctions motion. I would rather not be here today, but I could not let this go. I will be completely honest with you. I did not want my client to get defaulted. Some of the other issues that Mr. Morell raised here today, he talks about the default judgment that was entered. That was entered subsequent to the order which is up on appeal today. It's my understanding that the only order that's on appeal today is the sanctions order of December 31st of 2012. Mr. Morell has attempted to piggyback other issues on that without explaining how this court, even if there is a contempt finding, which there's not, he's trying to piggyback these other issues on without explaining how he can do that. Also, with regard to there not being a file, and that occurred in Mr. Morell's last comments about the premature motion for sanctions, we filed our recovery citation. There's still not a reply on file at the trial court level, but he filed a motion for sanctions. He did file a response to one of the claims we filed against the estate, but he did not file for the recovery citation. He has this motion for sanctions. My client, being a layperson, doesn't understand what these are. He notices it up to be heard. And I said, well, I said to the trial court, how are we going to determine if sanctions are appropriate and there's false pleadings when the prior fact hasn't made any findings of fact? And the judge said, well, I agree with Mr. Armstrong, that's premature. So they dismissed their sanctions motion and set mine out. Their sanctions motion was for alleged false pleading. My sanctions motion was for the repetitive and needless pleading of an issue. Mr. Morell went on and on about land, but if the judge made an error in that ruling, the court can't address that today. I don't think she did, but the court can't address it today. Counsel, your argument is that there was no contempt finding, but there was a Rule 137 sanction, correct? That's correct, Your Honor. And I think, by reading your brief, you acknowledge that the court did not strictly comply with the rule by setting forth with specificity the reasons for the finding or for the sanctions. In your brief, you indicate that, despite that, this court can remand the trial court can make these specific findings. Is there any authority for that proposition? Well, I think, at best, this court should say, well, we don't have a reason for the 137 sanctions. I don't think that if the court's order is devoid, and I will concede that the court's order is devoid, and I think I explained that in my brief, why it was difficult to write this order. Mr. Morell was not happy about it. He was being somewhat berating to me. I think we went through two or three drafts before we could agree on the language that was actually in the order that I wrote. Yes, I will admit that's my poor handwriting on the order. But to get back to your question, Justice Turner, if the court says that sanctions were awarded, and you cannot address the validity of that due to the order being devoid of the specificity as required by Supreme Court Rule 137, I don't think the court can say, well, the sanctions were warranted or unwarranted. I think it has to go back to the trial court at that point. I do not have any authority cited in my brief. I thought that was just procedure. We need more facts before we can make our determination. However, if you look at my brief, there is case law that says the rule should state that. The order should state that. But when it's ample from the record, the reasoning for the court's determination, and Judge Robb, on December 31st, used the word needless, and I'm not sure if she used repetitive. I know needless was used. And if you look, he raised an issue four to five times that should have never been raised. I take a run at something at the trial court level every once in a while, knowing that it's not spurious, but my chances here aren't great. I think on any motion to dismiss, your chances aren't all that great as far as a 619 getting it completely taken care of. But you make your run at it as an attorney. You get denied and you move forward. You don't make four more runs at the same issue. An issue that should have never been raised. My client has spent an inordinate amount of time and has incurred fees not only for the repetitive pleading of opposing counsel, but for the prosecution of this appeal. And I don't ask for sanctions, but I can't see, I've never been involved in another situation in my short career where sanctions were warranted. Both at the trial court level and I believe at the appellate court level also. I'm sorry to say that. At this point, do you have any more specific questions for me with regard to the substitution of judge issue or any of the other issues raised? There don't appear to be any. I will concede the rest of my time. Have a nice day. Thank you.  Your Honor, insofar as the proposition indicated that we had responded to something that I indicated provided in the first paragraph of mine, the situation here is whether I had answered the pleading. And on page 25 of volume 4 of the transcript, this is Mr. Armstrong, Your Honor, I took it more as an answer to our claim as opposed to any sort of motion. And the judge said to me, if you want to restyle it as an answer, you can do it. So insofar as replying, I did reply and I replied with an answer. And the rest is the first paragraph that I put in my response. Insofar as substitution of judge is concerned, if that motion is filed, in my view, there's no leeway, there's no situation that you, with all due respect, can say no. I'm going to pass this on to another judge to determine if I should, in fact, be relieved and some other judge come in. It couldn't happen because the judge that was being asked to submit this to the judge that is going to decide whether you can continue or we're going to have to get another judge, never received it. He was asked, the motion was filed, what would have happened? I don't know what would have happened, but the point is, as I said earlier, she took the position that, and we had a verified petition, by the way, the petition shall be verified, it could be period there, it isn't, by the affidavit of the applicant. It was verified, but you take that language, by the application, by the applicant. We're going to put two at the bottom, this is verification and this is the affidavit. Again, I believe they're redundant and in looking through the sizes, they do fit in as one and the other. We have complied with that and yet the judge did not send it to another judge to determine whether she is to keep it or it's going on to somebody else. Now let me tell you the frightening thing about that. She's the chief judge. If it were sent to her, she could keep it instead of sending it to another judge. That's my view anyhow. So that was part of the fright that I had, if oh my god, they're going to grant it and now I've got to go back anyhow and deal with her. Substitution of judge was a major point here and again, I recited all this in argument and one proposition I would have hoped that opposing counsel would have recognized and that is when a motion for substitution for judge is erroneously denied, all orders entered subsequent to that are null and void. Were I in that position and I had many pleadings and memorandum of law and transcripts and I have a situation for all the work I've done since this point till now and it's not any good. It's null and void. I'm not going to stop this from going to a judge to look and see if I should be relieved. That's amazing to me. And so far as the fact that you've noticed my verbosity, my wife has particularly noticed that and so I've become a person that just kind of mopes around the house. In any event, I think the transcripts that we've given you and the propositions that we've made, the definitions of contempt as a term and the way it's defined comes within what we're talking about and a judge, with all due respect, who is doing what this judge, I'm alleging, has done or not done, could carry this out forever if she didn't comply or he complied with what was required. And for that to be filed, I appeal and make the request. Thank you for your attention. Thank you. Council, we'll take this matter under advisement and stand in recess until the readiness of the next case.